IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GARY DON CARTER                                                                               PLAINTIFF

      v.                                         Civil No. 2:16-cv-2005-PKH-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      Plaintiff, Gary Carter, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background:**

      Plaintiff filed his applications for DIB and SSI on April 18, 2013, alleging an onset date of January 1, 2010, due to a separated collar bone on the right side, deteriorating muscles in the left arm, a very large knot on the left arm/shoulder area, and numbness in his right arm down to his hand. (Tr. 13, 166-175, 196) For purposes of Title II, Plaintiff's date last insured was September 30, 2011. (Tr. 13, 176) The Commissioner denied his applications initially and on reconsideration. At the Plaintiff's request, an Administrative Law Judge ("ALJ") held an administrative hearing on July 7, 2014. (Tr. 28-51) Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 53 years old and possessed an eighth grade education. (Tr. 31) He had past relevant work ("PRW") experience as a millwright, and he worked with equipment and maintenance. (Tr. 34)

On October 30, 2014, the ALJ concluded that the Plaintiff's essential hypertension, peripheral neuropathy, cervical spondylosis, spinal stenosis at the C4-5 and C5-6 levels with sequelae from same, and right shoulder lipoma were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 15) He then found Plaintiff capable of performing light work involving occasional climbing, balancing, stooping, kneeling, crouching, and crawling. The ALJ determined Plaintiff could frequently finger and handle, but could not perform overhead work with his dominant right upper extremity. (Tr. 17) With the assistance of a vocational expert, the ALJ found the Plaintiff could perform work as a price marker, plastic molding machine tenderer, and screwdriver operator. (Tr. 22)

The Appeals Council denied the Plaintiff's request for review on June 30, 2015. (Tr. 1-4) Subsequently, Plaintiff filed this action. (ECF No. 1) This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 14)

**II.     Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,*

761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and

work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III.     Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545, 416.945. A disability claimant has the burden of establishing his or her RFC. *Vossen,* 612 F. 3d at 1016. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller*, 784 F.3d at 479 (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

The ALJ concluded Plaintiff was capable of performing light work with occasional climbing, balancing, stooping, kneeling, crouching, and crawling; frequent fingering and handling; and, no overhead work with his right upper extremity. However, this assessment fails to account for all of the limitations associated with Plaintiff's upper extremities. On April 22, 2013, an in-person field office report with examiner, R. Bauer, indicates that Plaintiff had a very large "bump"

at the junction of his left shoulder and arm, on the front of his chest. (Tr. 197) Additionally, both of his hands appeared to be swollen. (Tr. 197)

From May 1, 2013, until May 8, 2013, Plaintiff was hospitalized due to an infection in his right arm. (Tr. 283-315) He reported a history of chronic shoulder pain with difficulty raising his arm. An examination revealed a gross deformity in the left shoulder, resulting from an old injury that had caused clavicular separation. He also had a large lipoma on his right shoulder. His left forearm and hand were swollen and he had a carbuncle-like lesion over the forearm. Testing ultimately revealed methicillin-resistant staphylococcus aureus infection ("MRSA"). (Tr. 298) Plaintiff was diagnosed with MRSA cellulitis; benign essential hypertension; muscle atrophy of left upper extremity; right arm weakness (new onset); mild protein malnutrition; a possible brain aneurysm; and, a herniated nucleus pulposus in the cervical spine.

On May 30, 2013, Dr. Clifford Evans performed a consultative examination. (Tr. 275-280) An examination revealed a limited range of motion in his cervical and lumbar spine and a significantly restricted range of motion in his right shoulder. Plaintiff had 80 percent loss of strength in both arms and 50 percent loss of sensation in his right forearm. His grip strength was 10 percent on the right and 30 percent on the left and opposing thumb to fingers, as well as touching fingertips to palm caused pain. X-rays of Plaintiff's right shoulder showed anterior dislocation. Plaintiff also had a large lipoma on his right shoulder that restricted motion. Further, Dr. Evans noted that a recent MRI had shown severe disc disease in the cervical spine. He diagnosed osteoarthritis with degenerative disc disease of the cervical spine, peripheral neuropathy in the right forearm, degenerative joint disease of the knees bilaterally, lipoma of the right shoulder, and chronic anterior dislocation of the right shoulder. Dr. Evans then opined that these impairments resulted in moderate to severe limitations.

On May 14, 2014, Plaintiff saw Dr. Joseph Queeney, a neurosurgeon. (Tr. 337-343) Plaintiff complained of neck pain, bilateral arm pain with numbness into the fingers, and atrophy in the upper arms. Weakness in his arms was his primary complaint. Neck and arm pain were reproducible with Valsalva maneuver. An examination revealed 4/5 grip strength bilaterally and intact sensation. Dr. Queeney diagnosed a cervical herniated nucleus pulposus resulting in spinal stenosis and chronic cervical myelopathy. Although he did not feel that surgery would necessarily reverse Plaintiff's condition, he recommended cervical decompression surgery to prevent his condition from further deterioration.

Accordingly, we do not find that substantial evidence supports the ALJ's determination that the Plaintiff could handle and finger on a frequent basis, as the term frequent denotes the ability to perform these functions six hours out of an eight-hour workday. SOCIAL SECURITY RULING 83-10. And, the record reveals a 10 percent grip strength in the right hand and a 30 percent grip strength in the left. Further, the ALJ's limitation of only overhead reaching with the right upper extremity fails to account for the significant deficit in range of motion, muscle wasting, 80 percent loss of strength, and 50 percent loss of sensation in his right shoulder and forearm. It appears the Plaintiff would be limited to little or no use of the right upper extremity for lifting, carrying, reaching, handling, and feeling.

Therefore, we find remand necessary to allow the ALJ to reconsider the Plaintiff's RFC. Because the record does not contain an actual RFC assessment from an examining or treating physician, the ALJ is directed to order an orthopedic consultative examination, complete with a full RFC assessment. Dr. Evans' assessment of moderate to severe limitations, while somewhat helpful, does not make clear the Plaintiff's ability to lift, carry, push, pull, sit, stand, walk, reach, handle, and finger.

On remand, the ALJ is also directed to consider the application of Medical-Vocational Rule 202.09. Grid rule 202.09 directs that a claimant who is at least 50 years old, is illiterate, and, is capable of performing only unskilled work will be found disabled. On May 20, 2011, Plaintiff attained the age of 50. Testing has confirmed that he is functionally illiterate. Moreover, the record reveals that Plaintiff has only an eighth grade education, which he did not complete until age 17, and was enrolled in special education classes. (Tr. 48-49) He testified that he did not read very well, could not spell, and could not make a grocery list or take down a simple telephone message. His brother, Ricky Davis, completed a large portion of the SS paperwork for the Plaintiff's signature. (Tr. 206-223) Further, a vocational expert testified that the Plaintiff had no skills transferable to light work, thus rendering him capable of only unskilled work. Therefore, on remand, the ALJ should consider the application of this rule.

**IV.　Conclusion:**

Based on the foregoing, we recommend reversing and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day January, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE